# In the United States Court of Federal Claims

No. 11-259C
Filed: October 7, 2011

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| FRANK PALACIOS, | * | Board for Correction of Naval Records; RCFC 12(b)(1); |
| Plaintiff, | * | Jurisdictional Effect of Statute of Limitations 28 U.S.C. § 2501; |
| v. | * | *Henderson v. Shinseki*, 131 S.Ct. 1197 (2011); *John R. Sand & Gravel Co.* |
| THE UNITED STATES OF AMERICA, | * | *v. United States*, 552 U.S. 130 (2008). |
| Defendant. | * | |

\* \* \* \* \* \* \*

*Michael D.J. Eisenberg*, Law Office of Michael D.J. Eisenberg, Washington, D.C., for plaintiff.

*Daniel B. Volk*, United States Department of Justice, Civil Division, Washington, D.C., for defendant.

## OPINION AND ORDER

**HODGES**, Judge.

This is a wrongful discharge claim on appeal from the Board for Correction of Naval Records. Mr. Palacios was discharged in 1995, and he filed his Complaint in this court more than six years later, in 2011. Rulings of the United States Supreme Court and the Court of Appeals for the Federal Circuit direct that we dismiss plaintiff's appeal for lack of subject matter jurisdiction; the applicable statute of limitations ran on his claim no later than 2001.

### BACKGROUND

Mr. Palacios served in the United States Marine Corps from August 1992 until February 1995. He states that he suffered from chronic lower back pain, which resulted in his appearance before a Military Examination Board and a Physical Evaluation Board. Before a medical discharge was "completed," Mr. Palacios was discharged with a designation Other Than Honorable. Plaintiff claims that the discharge resulted from a "pattern of misconduct" due to his inability to maintain weight control and military performance due to his chronic pain.

Plaintiff appealed his discharge to the Naval Discharge Review Board in 2002. The Review Board denied his appeal. Years later, plaintiff sought a personal appearance hearing before the Review Board, but the Board denied his request in 2009. The Review Board stated in 2009 that the Board for Correction of Naval Records was the proper avenue for redress where a medical component was present. Mr. Palacios appealed to the BCNR in 2009,[1] asking that his discharge be upgraded to Medical, Honorable, or General. The BCNR denied his request citing "seriousness of repetitive misconduct." Plaintiff appealed to this court in April 2011.

## ARGUMENTS

Plaintiff contends that the BCNR's decision to deny re-characterization of his discharge was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. *See* 5 U.S.C. § 706(2)(A). The Board for Correction of Naval Records did not consider his mental condition in its ruling, according to Mr. Palacios. He alleged that some of his erratic behavior could be attributed to depression related to chronic pain.[2]

Defendant filed a motion to dismiss for lack of subject matter jurisdiction on the basis that plaintiff's Complaint is barred by the six-year statute of limitations. *See* 28 U.S.C. § 2501. Mr. Palacios acknowledges that the statute of limitations began to run when he was discharged in 1995, but he cites a recent Supreme Court decision limiting the impact of statutes of limitation. *See Henderson v. Shinseki*, 131 S.Ct. 1197 (2011) (holding that statutes of limitations for court filings are jurisdictional only where Congress has given a clear indication of intent for the rule to be jurisdictional).

Plaintiff suggests that his case presents an opportunity for this court to apply an equitable construction to our statute of limitations. His interpretation of *Henderson* calls for the court to rule on the intent of Congress when it enacted the limiting statute. Thus, the six-year limitations period is not jurisdictional if Congress did not intend that it be jurisdictional, according to Mr. Palacios.

## DISCUSSION

A plaintiff in this court bears the burden of proving jurisdiction by a preponderance of the evidence. *See, e.g.*, *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

---

[1] Plaintiff argued that the Review Board's decision to deny him a personal appearance hearing itself was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. *See* 5 U.S.C. § 706(2)(A).

[2] Another example that plaintiff used to show diminished capacity was his decision to waive the right to appear before an administrative discharge board. We have not discussed this assertion because neither party argued the point, and the waiver did not have a bearing on the controlling issue, the statue of limitations, in any event.

For these purposes, we treat factual allegations in the Complaint as true. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

The Court of Federal Claims has jurisdiction of suits against the United States that meet certain Congressional criteria. *See, e.g.,* Tucker Act, 28 U.S.C. § 1491 (establishing subject matter jurisdiction of this court). Another criterion is whether plaintiff's Complaint is filed within six years after the cause of action accrues. 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). A claim for wrongful discharge accrues at the time of discharge. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003).

Plaintiff's contention that case law gives this court the authority to apply an equitable reading of the statute of limitations in his case depends entirely on his reading of *Henderson,* 131 S.Ct. 1197. Mr. Henderson was a Korean War veteran who received a 100% disability rating. His claim for supplemental benefits was denied by the Board of Veterans' Appeals. He missed the deadline for filing a notice of appeal with the Veterans Court by fifteen days. *Id.* at 1201. The Court held that a veteran's failure to file a notice of appeal with the Veterans Court within 120 days after a Board's final decision should not be regarded as having jurisdictional consequences. *Id.* at 1200. The Supreme Court analyzed a different statute of limitations in *Henderson*, however.

The Supreme Court reasoned that the 120-day filing deadline in *Henderson* was a "quintessential claim-processing rule" that was not jurisdictional in nature; therefore, it could be equitably tolled. *Id.* at 1203. The Court explained that whether a rule is jurisdictional depends upon whether Congress has mandated such a construction by clear indication. *Id.* (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006)). The Supreme Court's ruling in *Henderson* was a general one, applicable to pleading in federal courts. Its ruling in *John R. Sand & Gravel* was a specific one, applicable only to the Court of Federal Claims. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 135-36 (2008).

Plaintiff's application of the general interpretive rule of *Henderson* ignores the Supreme Court's ruling applicable specifically to the Court of Federal Claims.[3] *See John R. Sand*, 552 U.S. at 133-34. The Court ruled that the limitations statute here is jurisdictional and cannot be waived or tolled. *Id.* *Henderson* did not disturb the rule of *John R. Sand* that this court's statute of limitations is jurisdictional.

---

[3] The Court explained in *Henderson* that where the Court's interpretation over many years has been to treat a rule as jurisdictional, it is presumed that Congress intended to follow that course. The Court cited its ruling on § 2501 from *John R. Sand* as an example of such a long-standing interpretation. *Henderson*, 131 S.Ct. at 1203 (citing *John R. Sand*, 552 U.S. at 133-34); *see also San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1349 (Fed. Cir. 2011) (recognizing after *Henderson* was issued that section 2501 is jurisdictional as applied to this court).

Plaintiff urges us to transfer his case to the District of Columbia District Court if we are concerned about jurisdiction. Federal courts must transfer cases in such circumstances if the following conditions are met: (1) The transferring court lacks jurisdiction; (2) transfer is in the interest of justice; and (3) the action could have been brought in the transferee court when it was filed in the transferring court. 28 U.S.C. § 1631. All conditions must be met to authorize transfer in federal courts.

The transferring court here does not have jurisdiction, but a district court would lack jurisdiction as well. The district court's jurisdiction would arise from the Administrative Procedure Act, but that Act does not apply where plaintiff had an adequate remedy in this court. *See Martinez*, 333 F.3d at 1320 (ruling that adequate remedy in the Court of Federal Claims for plaintiff's allegations voids APA jurisdiction in district courts). Given that a transfer in such circumstances would be futile, we cannot certify that it would serve the interest of justice.

## CONCLUSION

This court's jurisdiction to hear a claim of wrongful discharge terminates six years after the cause of action accrues. Plaintiff's claim accrued in 1995, when he was discharged. He filed a Complaint more than fifteen years later. The statute of limitations applicable to lawsuits against the United States is jurisdictional.

The Supreme Court's ruling in *Henderson* does not change the law of *John R. Sand*. The Court in *John R. Sand* interpreted a statute that applies exclusively to the Court of Federal Claims, while the *Henderson* holding has a general application in the federal system. Because plaintiff did not file within six years after his claim accrued, the Complaint must be dismissed for lack of jurisdiction.

Defendant's motion pursuant to RCFC 12(b)(1) is GRANTED. The Clerk of Court will dismiss plaintiff's Complaint for lack of jurisdiction. No costs.

    s/Robert H. Hodges, Jr.
    Robert H. Hodges, Jr.
    Judge